{¶ 10} Because the trial court properly concluded that Bryant was not a vexatious litigator, I respectfully dissent from the majority and would affirm the judgment of the trial court. Vexatious conduct, as defined in R.C. 2323.52(A)(2), is meant to harass or maliciously injure another party to a civil action, is unwarranted under existing law and there is no good faith argument to extend, modify, or reverse existing law, or is imposed solely for delay.
 {¶ 11} Although Bryant filed four separate lawsuits against the county (and others) pertaining to his employment as a patrol officer, Bryant's conduct is not "vexatious" under the statute. The county failed to allege in its counterclaim that Bryant's refiling was to harass or maliciously injure the county, was not warranted (i.e., frivolous), or was imposed solely to delay the proceedings. Instead, the county conclusively alleged that Bryant's actions of filing four lawsuits constituted vexatious conduct. While one might conclude that Bryant's conduct is suspicious, it is more provident to simply allow the doctrine of res judicata to bar any subsequent actions. Without more, the trial court did not err in denying the county's motion for judgment on the pleadings pursuant to Civ.R. 12(C) on its counterclaim that Bryant is a vexatious litigator. Thus, I would affirm the decision of the trial court.